IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Hector Hernandez,<br><br>        Plaintiff,<br><br>    v.<br><br>Tarry Williams, *et al*.<br><br>        Defendants. | Case No.: 23-cv-50267<br><br>Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

After waiting several years for a set of dentures, Plaintiff Hector Hernandez claims that employees in IDOC's medical scheduling office were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The Medical Schedulers successfully move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6) because Hernandez's Third Amended Complaint doesn't plausibly suggest that they personally caused or contributed to his injuries.

I.    Background

Plaintiff Hector Hernandez is one of several IDOC inmates contending that Defendant Wexford Health Sources maintains a policy, practice, or custom of denying and delaying inmate dental care. Dkt. 20. The plaintiffs in these cases are commonly represented by the same attorney using, essentially, a form complaint. *See, e.g.*, *Hernandez v. Williams*, No. 23-cv-50267, 2024 U.S. Dist. LEXIS 171151 (N.D. Ill. Sep. 23, 2024); *Smith v. Williams*, No. 23-cv-50074, 2024 U.S. Dist. LEXIS

1

195325 (N.D. Ill. Oct. 28, 2024). The complaint alleges misconduct by Wexford employees and, at the tail end, tucks in a sentence alleging that the IDOC administrative employees responsible for scheduling medical appointments ("the Medical Schedulers") "failed to schedule an appointment for [the plaintiff] to be fitted for upper plate dentures." *E.g.*, Dkt. 20, ¶ 33. The Medical Schedulers then move to dismiss the claims against them—as sure as death and taxes—arguing that a standalone conclusory allegation doesn't plausibly suggest their personal involvement in the alleged injuries. *See e.g.*, Dkt. 55. That motion is very effective. *See Smith*, 2024 U.S. Dist. LEXIS 195325.

Shortly after the Court rejected an identical claim made using this template, Hernandez added new allegations to his Response in this case. Dkt. 59, 1. As Hernandez claimed in his Response—but not in his thrice amended Complaint—he asked the Medical Schedulers if they could schedule an offsite appointment for him "because the individuals responsible for his dental care wouldn't do it." *Id.* at 2. He also added for the first time that each of the Medical Schedulers personally observed his injuries. *Id.* In their Reply, the Medical Schedulers oppose the introduction of new allegations and maintain that, in any event, Hernandez hasn't stated a deliberate indifference claim. Dkt. 60.

II.     **Legal standard**

Under Rule 8, the plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's well-pleaded factual allegations must allow "the court to draw

2

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019).

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "But the proper question to ask is still 'could these things have happened, not *did* they happen.'" *Carlson v. CSX Transp. Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting *Swanson v. Citibank*, N.A., 614 F.3d 400, 404–05 (7th Cir. 2010) (emphasis in original)). Importantly, on a motion to dismiss, the defendant bears of the burden of establishing the insufficiency of the complaint's allegations. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

### III. Analysis

Claims of constitutionally inadequate medical care by inmates serving prison sentences are governed by the Eighth Amendment. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). To state a claim of inadequate medical care under the Eighth Amendment, an inmate must plausibly suggest that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to that serious condition. *Id.* Essentially, deliberate indifference occurs "when a defendant realizes that a substantial risk of serious harm to a prisoner exists but then disregards that risk." *Perez*, 792 F.3d at 776 (citing *Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994)) (cleaned up); *Brown v. Osmundson*, 38 F.4th 545, 551 (7th Cir. 2022) (deliberate indifference is a "demanding standard").

It goes without saying—or at least, it's already been said—that the lone allegation in Hernandez's Third Amended Complaint doesn't state a claim. *See Smith*, 2024 U.S. Dist. LEXIS 195325 (dismissing Smith's identical claim, based on the same allegation, because it doesn't plausibly suggest that the Medical Schedulers knew of his injuries). Where the same counsel presents the same allegation in support of the same claim, the outcome is, not surprisingly, unchanged. That's the danger of a copy-paste complaint, only exacerbated in this case by a single conclusory allegation regarding six defendants. Based only on that allegation, the Court cannot conclude that the Medical Schedulers knowingly disregarded Hernandez's medical needs.

What's more, the Court rejects Hernandez's attempt to amend his Complaint—for, essentially, the fourth time—in a responsive pleading. Hernandez asks the Court to consider the allegations of his Third Amended Complaint alongside the additions of his Reply, simply by stating:

> 'Plaintiffs may add factual allegations in response to a motion to dismiss so long as those allegations are consistent with facts already alleged in the complaint.' *Fulson v. Dart*, 648 F. Supp. 3d 1022, 1027 n.5 (N.D. Ill. 2023) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

Dkt. 59, 1.[1]

---

[1] It's true that a party can add factual allegations in response to a Rule 12 motion. But this doesn't mean that it's best practices. Indeed, it's poor practice. Just because a party *can* do something, doesn't mean the party *should* do something. *See, e.g., Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1013 (N.D. Iowa 2011) ("A zealous defense does not necessarily

4

But Hernandez makes no effort to square the allegations in his Reply with the silence of his Third Amended Complaint. Unlike the informal amendments and clarifications that the Seventh Circuit has previously entertained—where the parties preview allegations in a complaint and refine them during briefing—Hernandez rushed to beat the decision in *Smith* by making new allegations in this case. *See, e.g., Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). And even then, Hernandez doesn't state which Medical Schedulers he allegedly spoke with, what he said, or when. Though these vague allegations would've been entitled to deference if properly pled, they carry no weight with the Court when thrown into the mix at the bottom of the ninth inning. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (perfunctory and undeveloped arguments are waived). As the Court previously warned the Parties, there is no pinch-hitting in pleading. *Hernandez v. Williams*, 2024 WL 4265204, n.1 at *3 (warning Hernandez several months ago that "in court, as in baseball, three strikes and you're out.") (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818-19 (7th Cir. 2013); *Harrell v. U.S.*, 13 F.3d 232, 236 (7th Cir. 1993).

Given the long procedural history in this case, the Court doesn't believe that any further amendments are in order. In fact, accepting Hernandez's proposed amendments would likely plead him out of Court. If the Medical Schedulers knew

---

require invocation of every potential procedural bar to an employment discrimination lawsuit, particularly when an expeditious determination of the merits by a factfinder would often be a more cost-effective means of disposing of claims."); *Bailey v. State Farm Fire & Cas. Co.*, 414 F.3d 1187, 1191 (10th Cir. 2005) ("Indeed, just because a district court can issue an injunction does not mean *a fortiori* that it is required to do so.").

5

that medical providers refused to refer Hernandez for offsite treatment, what could they have done instead? Nothing in the Constitution requires administrative employees to override the choices of treating physicians. *See, e.g.*, *McCann v. Ogle Cnty., Illinois*, 909 F.3d 881 (7th Cir. 2018). Indeed, that contention stretches the imagination beyond the breaking point; Seventh Circuit precedent "encourages non-medical security and administrative personnel"—such as medical schedulers—"to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (collecting cases). So, any leave to amend Hernandez's claims against the Medical Schedulers would be futile.

## IV.  Conclusion

For the reasons stated above, Hernandez's claims against the Medical Schedulers (Nicole Perez, McKenzie Belan, Kelly Peterson, Eliana Castillo, Jamie Cater, Madison Rauch, and Unknown Medical Schedulers) are dismissed. Given the futility of the proposed amendments, as well as Hernandez's repeated failure to cure deficiencies in his Complaint, the Court exercises its discretion to dismiss these claims with prejudice. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (district courts have broad discretion to deny leave to amend for both reasons).

Entered: March 12, 2025          By:_____
                                     Iain D. Johnston
                                     U.S. District Judge