IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| HECTOR HERNANDEZ, | Case No. 3:23-cv-50267 |
| Plaintiff, | |
| v. | Honorable Iain D. Johnston |
| TARRY WILLIAMS, et al. | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Hector Hernandez is an inmate housed at Dixon Correctional Center. *See* Complaint [1] ¶ 1. He asserts that after waiting several years for dentures, Illinois Department of Correction (IDOC) employees were deliberately indifferent to his serious medical needs, violating the Eighth Amendment. Third Amended Complaint [20] ¶ 2. Defendant Monica Carpenter is a Healthcare Unit Administrator at Dixon and was identified by Hernandez as an individual he both met face-to-face and wrote to in attempts to resolve his dental condition. *Id.* at ¶¶ 14, 17. Carpenter now moves for summary judgment for failure to exhaust administrative remedies [91]. *See also* Fed. R. Civ. P. 56.

Hernandez initially failed to respond to the motion. When warned by the Court that a lack of response would be accepted as abandonment of his claim against Carpenter, Hernandez filed a short response, alongside a response to the

rule to show cause.[1] *See* dkt. 95. Despite Plaintiff's uninspiring and lackluster engagement with this motion, Carpenter's motion is denied.

## I. Legal Standard

On summary judgment, the movant has the burden of showing that "no genuine dispute of material fact" exists and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that might affect the outcome of the suit. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). No "genuine" dispute exists if a court would be required to grant a Rule 50 motion at trial. *Id.* at 250-51. The court must construe the "evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 664 (7th Cir. 2008). "Summary judgment is only warranted if, after doing so, [the court] determine[s] that no jury could reasonably find in the nonmoving party's favor." *Blasius v. Angel Auto, Inc.*, 839 F.3d 639, 644 (7th Cir. 2016).

Responses are expected to all motions for summary judgment. *See* N.D. Ill. J. Johnston S.O. "Failure to Respond". Even where a nonmovant fails to respond to a motion for summary judgment however, the movant "still has to show that summary judgment [is] proper given the undisputed facts," with those facts taken as usual in the light most favorable to the nonmovant. *Robinson v. Waterman*, 1

---

[1] To the extent Hernandez's response to the Court's rule to show cause includes a motion for leave to file an amended complaint, it is denied. Hernandez's counsel will not amend the complaint to attempt a deposition-fueled fishing expedition of Dixon Correctional Center. Moreover, Hernandez's counsel failed to attach a proposed amended complaint, which alone is a basis to deny the motion. *Otto v. Variable Annuity Life Ins. CO.*, 814 F.2d 1127, 1139 (7th Cir. 1986).

F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Analysis

Prisoners are generally prohibited from seeking legal action with respect to prison conditions without first exhausting available administrative remedies. 42 U.S.C. § 1997e(a). An administrative remedy is "available" if it is "'capable of use' to obtain 'some relief for the action complained of'." *Boykin v. Sandholm*, 801 F. Appx. 417, 421 (7th Cir. 2020) (citing *Ross v. Blake*, 578 U.S. 632, 643 (2016)). The primary purpose of the administrative exhaustion requirement is to ensure prisons have an opportunity to remediate deficiencies before incurring burdensome litigation. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006)). Failure to exhaust available administrative remedies is grounds for dismissal. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Failure to exhaust is an affirmative defense; defendants bear the burden of proof and cannot shift it to plaintiffs. *Gooch v. Young*, 24 F. 4th 624, 627 (7th Cir. 2022). In the Seventh Circuit, exhaustion is satisfied if the grievance "served its function of alerting the state and inviting corrective action." *Jones v. Bock*, 549 U.S. 199, 205 (2007) (citing *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)). The Supreme Court has rejected a requirement for every defendant named in a complaint to also be named in a grievance. *Bock*, 549 U.S. at 217-19. "The grievance

is not a summons and complaint that initiates adversarial litigation." *Id*. (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

Here, Hernandez completed an internal grievance before filing his complaint. Complaint Exhibit [1-2] at 17-23. Specifically, he reported:

> "Approximately [two] months ago all my top teeth were taken out, "but [one]." Not long ago, 3/14/22, I got a memo from dental saying that the denture list was long and that I'd have to wait 20 months for my dentures. I believe [and] have talked to Warden Williams, explaining that if Dixon CC cannot do my dental work that I need, Dixon needs to send me to an outside dental facility to get my dentures taken care of. I don't believe that these dental workers here in Dixon don't care how much pain and suffering we have to go thr[ough] every time we want to eat anything. Three times a day we have to suffer, because we can't chew our food. This is not right. Why should I have to suffer for 20 months."

*Id*. at 22-23.

After a review by prison administration—including a Grievance Officer and the Chief Administration Officer—did not satisfy Hernandez's frustrations, he appealed to the Administrative Review Board, which denied his appeal on the merits. *Id*. at 17-18; *see also* Declaration of Paige Long [92-2] ¶¶ 8-14, 25. Only after this denial did Hernandez file the present action.

Carpenter argues that Hernandez's grievance—despite having been appropriately filed and appealed pursuant to 20 Ill. Admin. Code § 504.810, et seq.—did not exhaust his administrative obligations as to her. Memorandum of Law for Summary Judgment [93] at 4-7. Specifically, Carpenter argues that "Plaintiff does not name nor describe Defendant Carpenter, nor does Plaintiff describe any actions or omissions of Defendant Carpenter." Further, Carpenter argues that

Hernandez's failure to "make any reference" to Carpenter "denied prison officials the opportunity to address his claims internally prior to filing a civil suit." *Id.* at 5.

Genuine issue of material fact as to the issue of Plaintiff's exhaustion exists, sufficient to survive a motion for summary judgment. As articulated by *Bock*, it is not necessary to name in a prison grievance every person who is ultimately named in a complaint. *Bock*, 549 U.S. at 205. Carpenter is the Healthcare Unit Administrator of Dixon Correctional Facility. Memorandum of Law for Summary Judgment [93] at 1. In his grievance, Hernandez articulated "I don't believe that these dental workers here in Dixon don't care how much pain and suffering we have to go thr[ough] every time we want to eat anything." Taking this statement in a light most favorable to Hernandez, it "served its function of alerting the state and inviting corrective action." *Rausch*, 375 F.3d at 524.

In any event, there is genuine doubt to the proposition that naming Carpenter in a grievance would have plausibly led to a different result for Hernandez's grievance. Carpenter pled no additional actions that IDOC and Dixon administration could have plausibly taken to remedy Hernandez's grievance with respect to Carpenter, but not the Warden Williams or "these dental workers," who were named. Hernandez's remedy was thus—at least arguably—capable of use to obtain some relief for the action complained of. *Boykin*, 801 F. Appx. at 421 (7th Cir. 2020). Hernandez was clear in his grievance that he was told there would be a 20-month wait for dentures and was suffering as a result. Nothing changed after his grievance. The question of whether Hernandez exhausted his administrative

remedies may be addressed with the jury as an affirmative defense, if it is even appropriate at that time. Counsel for Carpenter are directed to re-read *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011).

### III.   Conclusion

For the above reasons, Defendant Carpenter's motion for summary judgment is denied.

Entered: October 15, 2025          By: _____
                                          Iain D. Johnston
                                          U.S. District Judge